UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
CASE NO. 5:23-cv-92-BJB

**MOTORISTS MUTUAL INSURANCE COMPANY,**          **PLAINTIFF,**

-VS-

and

**PINNACLE, INC.**
**305 Poplar Street**
**P.O. Box 352**
**Benton, KY 42025**

         **DEFENDANT**

**SERVE:**
**Dennis W. Smith**
**536 Eagle Lake Drive**
**Benton, KY 42025**

---

### COMPLAINT FOR DECLARATORY JUDGMENT

Comes now Plaintiff, Motorists Mutual Insurance Company ("Motorists"), through counsel, for its Complaint for Declaratory Judgment against Defendant, Pinnacle, Inc. ("Pinnacle"), states as follows:

### PARTIES

1. Motorists is an insurance company organized and existing under the laws of the State of Ohio, with its principal place of business in Ohio.

2. Upon information and belief, Pinnacle is a Kentucky corporation with its principal place of business in Benton, Kentucky.

### JURISDICTION

3. This is an action for declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 to determine the rights and/or obligations of the parties pursuant to an insurance contract issued by Motorists to its named insured, Archway Roofing and Sheetmetal Systems, Inc. ("Archway"), in Kentucky, of which Defendant, Pinnacle, claims to be an additional insured.

4. Jurisdiction and venue are proper in this Court in that Defendant Pinnacle is a citizen of Kentucky, and the underlying events occurred in Kentucky.

## **THE INSURANCE CONTRACT**

5. Motorists issued a commercial general liability insurance policy, Policy No. 33.292592-30E, to Archway and had an effective policy period of September 30, 2016, through September 30, 2017, ("insurance contract"). A certified copy of the contract is attached as Exhibit 1.

6. The insurance contract contains, among other things, terms and conditions regarding liability coverage, including but not limited to:

**Additional Insured Contractors**                                   CG 7037 (10-06)

**Automatic Status When Required**

**In Written Contract With You**


**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**A. Section II - Who Is An Insured** is amended to include as an additional insured any person or organization when you and such person or organization have agreed in a written contract that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury," "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or

2. The acts or omissions of those acting on your behalf;
In the performance of your ongoing operations for the additional insured; or

3. When required in a written contract, "your work" included within the "products-completed operations hazard."


7. The insurance contract also provides the following:


SECTION I—COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.    Insuring Agreement

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured

2

garvey | shearer | nordstrom

against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

(1) The amount we will pay for damages is limited as described in SECTION III – Limits Of Insurance; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory,"

(2) The "bodily injury" or "property damage" occurs during the policy period.

* * *

2. Exclusions

This insurance does not apply to:

a. Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.  Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party

        other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

        a)     Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

        b)     Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

j.     Damage To Property

"Property damage" to:

    (5)     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

    (6)     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

k.     Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

l.     Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m.     Damage To Impaired Property Or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    (1)     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work;" or

    (2)     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

## THE UNDERLYING COMPLAINT

8. The underlying Plaintiffs, Murray Independent – Calloway County School Districts Finance Corporation and Murray Independent School District Board of Education, filed suit against RBS Design Group, P.S.C. ("RBS") (architect), Pinnacle (general contractor), Archway (roofer), Shawn Jones Masonry, Inc. (mason), and Johns Manville, Inc. (supplied roof system and warranty), alleging damages related to the construction of an Area Technology Center located at 126 Robertson Road South, Murray, Calloway County, Kentucky ("the Project"). *Murray Independent – Calloway Co. School Districts Finance Corp., et al. v. RBS Design Group, P.S.C., et al.,* Calloway Circuit Court, Case No. 22-CI-00289.

9. The underlying Plaintiffs entered into a contract with Pinnacle and RBS relative to the construction of the Project on June 29, 2015. Pinnacle was tasked with contracting with all subcontractors and supervising those subcontractors as well as the Project itself. Pinnacle subcontracted with Archway on August 17, 2015, to install the roof system supplied by Johns Manville.

10. The subcontract between Pinnacle and Archway provides as follows:

### ARTICLE 9 INDEMNITY, INSURANCE, AND BONDS

9.1 INDEMNITY

9.1.1 INDEMNITY To the fullest extent permitted by law, the Subcontractor shall indemnify and hold harmless the Constructor, the Design Professional, the Owner, and their agents, consultants, and employees (the Indemnitees) from all claims for bodily injury and property damage other than to the Work itself that may arise from the performance of the Subcontract Work, including reasonable attorneys' fees, costs, and expenses, that arise from the performance of the Work, but only to the extent caused by the negligent acts or omissions of the Subcontractor, the Subcontractor's subcontractors, or anyone employed directly or indirectly by any of them or by anyone for whose acts any of them may be liable. The Subcontractor shall be entitled to reimbursement of any defense cost paid above the Subcontractor's percentage of liability for the underlying claim to the extent attributable to the negligent acts or omissions of the Indemnitees.

\* \* \*

9.2.11 ADDITIONAL GENERAL LIABILITY COVERAGE The Constructor X shall/ [ _____ ] shall not require the Subcontractor to purchase and maintain additional liability coverage, primary to the Constructor's coverage pursuant to the subsection immediately above.

9.2.11.1 If required by the subsection immediately above, the additional liability coverage required of the Subcontractor shall be:

1. X ADDITIONAL INSURED. The Constructor shall be named as an additional insured on the Subcontractor's CGL specified, for operations and completed operations, but only with respect to liability for bodily injury, property damage, or personal and advertising injury to the extent caused by the negligent acts or omissions of the Subcontractor, or those acting on the Subcontractor's behalf, in the performance of Subcontract Work for the Constructor at the Worksite.

11. The underlying Plaintiffs allege that following the completion of the Project, the roof and roof system leaked, causing damages. The underlying Plaintiffs and underlying Defendants thereafter took steps to remedy the roof leaks pursuant to the Warranty over the last few years, as recently as late 2021, but the repairs have been unsuccessful, and the roof continues to leak.

12. The underlying Plaintiffs' expert, Richard C. Rinks, PE, inspected the roof and determined that the quality of the roof installation was poor, and that the underlying Plaintiffs did not get the roof they paid for.

13. The underlying Plaintiffs assert claims for negligence against Pinnacle, including related to the course of addressing design issues, supervising, and managing the Project.

14. The underlying Plaintiffs claim "general and specific damages" as a result of the roof and roof system not working, leaking, and continuing to leak until it is properly repaired.

## THE CONTROVERSY

15. The underlying Plaintiffs sued Pinnacle for damages resulting from its work performed on the Project.

16. Pinnacle requested a defense and indemnification from Motorists, claiming it is an Additional Insured under the insurance contract issued to Archway.

17. Motorists denied the tender.

18. Pinnacle filed a Third Party Complaint against Motorists in the underlying case, asserting claims for breach of contract and violation of the Unfair Claims Settlement Practices Act, and alleging compensatory and punitive damages.

19. Motorists does not owe a defense or indemnification to Pinnacle pursuant to the terms and conditions of the subcontract, the insurance contract, and Kentucky law.

20. The Motorists insurance contract does not provide coverage, including defense or indemnity, to Pinnacle for the damages alleged, because Pinnacle is not an additional insured under the insurance contract.

21. The Motorists insurance contract does not provide coverage, including defense or indemnity, because faulty work does not constitute an occurrence under the policy or Kentucky law. Cincinnati Ins. Co. v. Motorists Mut. Ins. Co., 306 S.W.3d 69, 72 (Ky. 2010).

22. The Motorists insurance contract does not provide coverage, including defense or indemnity, for the claims alleged against Pinnacle, because any such claims are specifically excluded under the contract.

23. The Motorists insurance contract does not provide coverage, including defense or indemnity, for the claims alleged against Pinnacle, because the alleged damages did not occur during the relevant policy period.

24. Motorists is, therefore, entitled to a Declaratory Judgment that the insurance contract does not cover the claims arising out of the project, and that it does not owe a duty to defend or indemnify Defendant, Pinnacle.

**WHEREFORE**, Plaintiff prays for the following relief:

i. A Declaratory Judgment that the insurance contract does not cover the claims arising out of the project, that Motorists owes no duty to provide a defense for or to indemnify Defendant, Pinnacle, and that it has no duty to provide any payment whatsoever under the contract to any person as a result of the Project on behalf of Pinnacle;

ii. A trial by jury on any issues so triable;

iii. Its costs incurred herein; and,

iv. Any other relief to which it may be entitled.

Respectfully submitted,

GARVEY | SHEARER | NORDSTROM, PSC

Michelle L. Burden (90231)
2388 Grandview Drive
Ft. Mitchell, Kentucky 41017
Phone: (513) 445-3374
FAX: (866) 675-3676
mburden@gsn-law.com
*Attorney for Plaintiff, Motorists Mutual Insurance Company*